UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Maurice A. Alexander, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-1140 (RCL) |
| ) | |
| EDGEWOOD MANAGEMENT ) | |
| CORPORATION, *et al*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

## I.    BACKGROUND

Plaintiff Maurice Alexander alleges he was wrongfully denied residence at three apartment buildings, each of whose selection policies violate 42 U.S.C. §§ 3601 *et seq.,* the District of Columbia Human Rights Act ("DCHRA"), and are a breach of contract with the District of Columbia Housing Authority ("DCHA") because they have a disparate and discriminatory effect on African-American applicants.  He also alleges he was personally discriminated against based on his race because his applications for residence were denied due to a seven-year-old, non-violent, non-drug-related offense.

The three apartment buildings that denied his rental applications are owned and managed by two distinct sets of companies – A&R Management, Inc., and East Capitol Senior Rental LP own and/or manage the Capitol Gateway property.  Edgewood Management Corporation and the

Community Preservation and Development Corporation own and/or manage properties known as The View and The Overlook. The Capitol Gateway defendants have moved under Federal Rule of Procedure (FRCP) 21 to sever Mr. Alexander's case against them from his allegations against their co-defendants ("the View and Overlook defendants"), arguing joinder is improper under FRCP 20. [44]

A detailed account of the Amended Complaint is included in this Court's opinion denying the defendants' motion to dismiss. [35], 2016 WL 5957673. For present purposes, it suffices to say that the plaintiff alleges a series of his rental applications at low-income housing properties to which he was referred by the DCHA were improperly denied, first by The View, second by the Capitol Gateway, and third by The Overlook. Amd. Comp. [10] at para 19. In other words, the defendants that own and manage the second of the three properties at-issue (the "Capitol Gateway defendants") move to sever this action. The plaintiff, [47], and the defendants who own and manage both the first and third properties at issue, [46], each oppose the present motion. After considering the Capitol Gateway defendants' motion to sever, the opposition filings of the co-defendant and the plaintiff, Capitol Gateway's reply thereto [51], and the entire record in this matter, the Court DENIES the motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 20(a)(2) permits the joinder of defendants in a single case under certain conditions. If a defendant is misjoined, Rule 21 provides for severing the improperly joined party, and proceeding separately with the claims against that defendant. Fed. R. Civ. P. 21. Trial courts have discretion to allow the joinder of parties if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

2

(B)  any question of law or fact common to all defendants will arise in
the action.

Fed. R. Civ. P. 20.  "The two prongs of Rule 20(a) are to be liberally construed in the interest of

convenience and judicial economy . . . in a manner that will secure the just, speedy, and

inexpensive determination of the action." *Spaeth v. Michigan State University College of Law*, 845

F.Supp.2d 48, 53 (D.D.C. 2012) (quoting *Davidson v. Dist. Of Columbia*, 736 F.Supp.2d 115, 119

(D.D.C. 2010)) (punctuation omitted).

Under subsection (A), the "terms 'transaction or occurrences' should be interpreted broadly

to permit all reasonably related claims for relief by or against different parties to be tried in a single

proceeding." *In re Vitamins Antitrust Litig.*, No. MISC 99-197 (TFH), 2000 WL 1475705, at *18

(D.D.C. May 9, 2000) (quotations omitted), *clarified on denial of reconsideration sub nom. In re*

*Vitams Antitrust Litig.*, No. MISC. 99-197 (TFH), 2000 WL 34230081 (D.D.C. July 28, 2000).  A

series of transactions or occurrences thus refers to those events that are "logically related." *See,*

*e.g., Spaeth*, 845 F.Supp.2d at 53.  The "logical relationship" test is a flexible one because "the

impulse" of Rule 20(a) "is toward entertaining the broadest possible scope of action consistent

with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United*

*Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).  Under

the "logically related" standard, courts "consistently deny motions to sever where [the] plaintiffs

allege that [the] defendants have engaged in a common scheme or pattern of behavior." *In re*

*Vitamins Antitrust Litig.*, 2000 WL 1475705, at *17 (D.D.C. 2000) (citing *Brereton v.*

*Communications Satellite Corp.*, 116 F.R.D. 162, 164 (D.D.C. 1987)).

Under the second prong of the joinder rule, subsection (B), that very issue of whether each

of the defendants have engaged in a common pattern of behavior that had denied specific rights to

the plaintiff may also be the requisite common question of law or fact.  *See M.K. v. Tenet*, 216

F.R.D. 133, 142 (D.D.C. 2002) (citing *In re Vitamins*, 2000 WL 1475705, at *17). Factors to be considered include, "the circumstances surrounding the [ ] claims, including the people involved, the location, the time frame, and the defendant's pattern of behavior." *Montgomery v. STG Int'l, Inc.,* 532 F.Supp.2d 29, 35 (D.D.C.2008).

In addition to Rule 20(a)'s two-prong test, courts consider whether severance would prejudice any party, or result in undue delay. *See M.K.*, 216 F.R.D. at 138 (quoting *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974)). "The court may also consider whether severance will result in less jury confusion." *Id.* (citing *Henderson v. AT & T Corp.,* 918 F.Supp. 1059, 1063 (S.D.Tex.1996)).


## III.   ANALYSIS

Rule 20 joinder promotes trial convenience and expedites the final resolution of disputes by preventing multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants appearing before it. *M.K. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002). Whether to grant a motion to sever is within the discretion of the trial court. *Id.* at 137-138.

The Capitol Gateway defendants' motion fails at this stage for several reasons. First, their focus on Rule 20(a)'s "same transaction [or] occurrence" language gives short-shrift to rule's "*series of* transactions or occurrences" provision for joinder. That there are some material differences between the allegations against each defendant "does not automatically bring such claims outside the same transaction or occurrence language." *Montgomery*, 532 F. Supp. 2d at 36 (quotation omitted). The moving defendants rely heavily on *Spaeth*, but that case presented facts distinguishable from this one. Although seeking employment (*Spaeth*) and seeking rental housing (this matter) each involve an application process, claims against several employers making

independent interviewing and hiring decisions is distinct from the actions of a pair of regulated low-income housing providers having what appears to be limited discretion as to whose applications they can reject, per agreements with their regulating authority (here, DCHA). Here, there appears to be a logical relationship between the actions of the two defendants, at least, as discussed further below, insofar as the damages claimed by Mr. Alexander.

Indeed, the logical relationship test is a flexible one, and is to be construed in a legal climate that favors joinder. *See Gibbs.* The D.C. Circuit's ruling in *AF Holdings* underscores this point. In that case, where the record failed to establish any geographic or temporal connection at all between a majority of 1058 unnamed defendants whose only relevant commonalities were a free software program, a click of a mouse, and being the subjects of discovery requests by a bad-actor plaintiff, the Circuit nevertheless noted joinder was a "difficult question." 752 F.3d at 997.

This case also appears to raise common questions of fact or law. Although the two sets of defendants acted independently, Mr. Alexander's amended complaint can arguably be construed to allege three of the four factors considered in *Montgomery*. *See* 532 F.Supp.2d at 35. First, because DCHA referrals were prerequisites (or at least triggered) each of Mr. Alexander's applications, the relevant location is the jurisdiction of the District of Columbia, not, for example, the exact addresses of the properties in question or the headquarters offices of the defendants. Second, *Montgomery*'s "time frame" consideration is not synonymous with "at the exact same time," and, indeed, each of Mr. Alexander's three applications at-issue were filed within a month of each other. *But see AF Holdings, LLC v. Does 1-1058*, 752 F.3d 900, 998 (D.C. Cir. 2014) (using a "same time" hypothetical in a joinder analysis involving more than 1,000 unnamed defendants residing in numerous jurisdictions who electronically downloaded copies of the same

copyrighted movie over a five-month period).[1]   Third, the pattern of behavior Mr. Alexander alleges and seeks to uncover in discovery are alleged to be similar enough across the three properties to survive the present motion.

Here, the identity of the plaintiff also might be considered a common question of fact.  The Capitol Gateway defendants argue that, if plaintiffs were permitted to claim their own identities as a common fact, that would have the absurd result of allowing a plaintiff to join any defendant in any action.  [51] at *6.  Although that is absolutely true in other contexts, the argument holds less weight in claims of discrimination by regulated defendants, because the plaintiff's identity, and how certain elements of his personal history relate to federal regulations, is exactly what is at issue.

Finally, the plaintiff is seeking damages for, *inter alia*, prolonged homelessness and separation from his minor son.  Should Mr. Alexander prevail on the merits of his case, there likely will be questions regarding the calculation and apportionment of the damages he claims.  But for the denial of his rental application at The View, the Capitol Gateway defendants would not be implicated here at all.   Likewise, but for Capitol Gateway's denial of his application at their property, the same owners and operators of The View property would not then have been presented with his application anew at The Overlook.  It is therefore far from certain that damages would be more easily calculated as to each defendant individually in severed matters.

Regardless of the matter's satisfaction of Rule 20(a)'s requirements, the Court still could order severance upon a sufficient showing of prejudice to the defendant, delay, or potential for jury confusion.  *See Montgomery*, 532 F.Supp.2d at 35; *M.K.*, 216 F.R.D. at 138.  But the Court

---

[1] The Court observes that the movant appears to be confused over the role of timing in joinder analysis.  On sequential pages in their reply, the Capitol Gateway defendants fault the plaintiff for supposedly failing to allege that all defendants' actions occurred within the same timeframe, and then notes their own co-defendants "suggest that the actions . . . occurred close in time, but [] fail to explain how that makes the actions similar in any respect."  [51] at **4-5.  The movants cannot argue a factor to be both necessary to plead and irrelevant.

finds that severance at this stage would more likely prejudice the plaintiff than the defendants, and that severance itself might cause undue delay.  The potential for jury confusion, on the current record, is not strong enough to outweigh these other considerations.

## IV.    CONCLUSION

In accordance with the preference for joinder articulated in *Gibbs*, severance is not necessary at this juncture, where the record is unclear as to how much discretion each defendant had to reject the plaintiff's rental applications in light of the DCHA's referral.  *See also Montgomery*, 532 F.Supp.2d at 36 (finding severance premature before completion of discovery). The Court does not here opine on whether severance for trial might be merited based on a more developed record.

Therefore, for the reasons stated above, the Capitol Gateway defendants' motion to sever [44] is DENIED.

It is FURTHER ORDERED that the motion to file a surreply [52] by The View and The Outlook defendants is DENIED AS MOOT; and

FURTHER ORDERED that the motion to stay discovery pending the outcome of the motion to sever [53] is GRANTED, nunc pro tunc.  The parties are directed to file a revised proposed scheduling order within fifteen (15) days of this Order.

SO ORDERED.

Date: 7/31/17

Royce C. Lamberth
United States District Judge